UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14032-CR-MIDDLEBROOKS/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTEN BETH SWIFT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change her plea in this criminal case on July 8, 2022.

2. I advised the Defendant of her right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that she did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 33. I reviewed that Plea Agreement on the record and had the Defendant acknowledge that she signed the Plea Agreement. The Defendant pleaded guilty to Count One of the Indictment, which charges her with conspiracy to distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and 846.

5. I reviewed with the Defendant the statutory maximum and mandatory minimum penalties applicable to Count One of the Indictment. The Defendant acknowledged that she understands the statutory penalties mandatory minimum and maximum penalties that apply in her case.

6. The Plea Agreement contains an agreement by the parties to jointly recommend that the Court make certain findings at sentencing, including that the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, and attributable to the Defendant, is at least 20 grams but less than 35 grams of methamphetamine (actual). I explained to the Defendant that this recommendation, although agreed to by the parties, is not binding on the probation office or the District Court, and the Defendant may not withdraw her plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

7. The Plea Agreement contains an appeal waiver in which Defendant waives her right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that she

understands the appeal waiver, has discussed it with her attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, she has waived or given up her right to appeal. I therefore recommend that Defendant be found to have knowingly and voluntarily waived her right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE 34. The Stipulation was read into the record. Defendant acknowledged that she signed the Stipulation, understands it, and has had the opportunity to fully discuss it with her attorney. The Defendant agreed that the Stipulation is true and correct, and accurately sets forth the facts in her case as she understands them to be. I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters her plea of guilty to Count One of the Indictment freely and voluntarily. I accept her guilty plea and recommend to the District Court that it adjudicate her guilty of Count One as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant's plea of guilty to Count One of the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which she pleads guilty; that Defendant be found to have knowingly and voluntarily waived her right to appeal the sentence imposed except to the extent outlined in the Plea Agreement; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>13th</u> day of July, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE